NO.  07-10-0477-CV

                                                   IN
THE COURT OF APPEALS

                                       FOR THE
SEVENTH DISTRICT OF TEXAS

                                                                 AT
AMARILLO

                                                                      PANEL
E

                                                                  JULY
7, 2011

                                                ______________________________

In the Interest of B.Y., 

                                                A Child

                                                ___________________________

                      FROM THE 100TH DISTRICT
COURT OF DONLEY COUNTY;

                     NO. DFC-09-06665; HON. PHIL
N. VANDERPOOL, PRESIDING

                                               _______________________________

Order
for Appointment of New Counsel

_______________________________

Before QUINN, C.J., HANCOCK, J., and BOYD, S.J.[1]

Appellant
Latazha Youngblood Sanchez had her parental rights to
B.Y. terminated and has appealed from that order.  Her appointed counsel has filed a 
motion to withdraw, together with an Anders[2] brief wherein he certified
that, after diligently searching the record, he has concluded that the appeal
is without merit.  Along with his brief,
appellate counsel has attached a copy of a letter sent to appellant informing
her of her right to file a response pro
se.  By letter dated April 19, 2011,
this 
court also informed appellant of her right to tender her own response and set May
19, 2011, as the deadline to do so.  Appellant
filed a response on May 18, 2011.  

Appellate
counsel has noted in his brief that the termination order was signed on October
28, 2010, and that the statement of appellate issues was filed by trial counsel
on November 15, 2010, outside of the fifteen days required by statute.  See
Tex. Fam. Code Ann. §263.405(b)(2) (Vernon 2008).  Therefore,
any error that could be reviewed allegedly was waived.  Appellate counsel, then, discussed the legal
and factual sufficiency of the evidence to support the trial court's statutory
findings resulting in termination and the effectiveness of trial counsel.   

In In the Interest of J.O.A., 283 S.W.3d 336,
347 (Tex. 2009), the Texas Supreme Court affirmed this court’s decision stating
an “ineffective assistance of counsel claim raises due process concerns and
that section 263.405(i) of the
Family Code is unconstitutional to the extent it prevents a court
from considering those claims.”  We find
it problematic when appellate counsel determines appellant received effective
assistance of counsel even though issues were waived because trial counsel
failed to timely file a motion for new trial or statement of points on appeal.

Accordingly,
the motion to withdraw of appellate counsel is granted, and the cause is abated
and remanded to the trial court for the appointment of new counsel.  The trial court shall further order the newly
appointed counsel to file an appellant’s brief, as per the Texas Rules of
Appellate Procedure, developing the aforementioned ground pertaining to the
effectiveness of counsel per In the
Interest of J.O.A., supra, and all other grounds that might support
reversal or modification of the judgment. 
The deadline for filing appellant’s brief with the clerk of this court
is August 30, 2011.  Any responding brief
which the State wishes to file shall be filed within thirty days after the
filing of appellant’s brief.  Finally,
the trial court shall cause the name, address, and state bar number of the
newly appointed counsel to be included in a supplemental clerk’s record, which
record shall be filed with the clerk of the court by August 1, 2011.

                                                            Per
Curiam 


 











[1]John T. Boyd, Senior Justice retired,
sitting by assignment.

 





[2]Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct.
1396, 18 L.Ed.2d 493 (1967).